UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MR. HANDYMAN INTERNATIONAL,
LLC, a Michigan limited liability company
        Plaintiff,

vs.

        Case No.  2:11-cv-15218-GCS-MAR

        Hon. George Caram Steeh

JIM O'NEILL, an Oregon resident,
TRACEY O'NEILL, an Oregon resident,
and NMCBS, LLC, an Oregon limited
liability company
        Defendant.

---

## FINAL CONSENT JUDGMENT AND INJUNCTION

This matter is before the Court on the stipulation of the parties as evidenced by the signatures of Defendants JIM O'NEILL, TRACEY O'NEILL, and NMCBS, LLC and of Plaintiff MR. HANDYMAN INTERNATIONAL, LLC's counsel below.

Plaintiff Mr. Handyman International, LLC ("MHI") commenced this litigation on November 28, 2011 against Defendants Jim O'Neill, Tracey O'Neill, and NMCBS, LLC (together the "O'Neills") seeking injunctive relief and monetary damages for, among other things, Defendants' violation of the non-competition provisions of the July 16, 2009 Franchise Agreement (the "Franchise Agreement") between the parties;

The parties have informed the Court that they have agreed on a resolution of their dispute, which resolution involves, among other things, a final stipulated injunction enforcing the post-termination obligations in the parties' Franchise Agreement.  The Court is fully advised.  Now, therefore,

1.       IT IS ORDERED that all claims asserted in this action, as well as any and all claims relating in any way whatsoever to the Franchise Agreement and/or the relationship between MHI and the O'Neills which were not asserted in this action but which might have or could have been asserted in this action by or against said parties by complaint, cross-claim, third-party complaint, counterclaim or otherwise, are merged into this Final Consent Judgment and Injunction.  Accordingly, the future assertion of any and all such claims having accrued as of the date of this Final Consent Judgment and Injunction is barred, except as and to the extent specifically provided herein.

2.       IT IS FURTHER ORDERED that the O'Neills, along with their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Consent Judgment and Injunction by personal service or otherwise, are enjoined during the period commencing upon entry of this Final Consent Judgment And Injunction and expiring eighteen (18) months thereafter from violating Section 13.D of the Franchise Agreement by engaging as an owner, shareholder, partner, director, officer, employee, consultant, salesperson, representative, or agent or in any other capacity in any residential or business maintenance or repair business within (a) their former franchise territory as defined in Exhibit A of the Franchise Agreement as being comprised of the following 2000 U.S. Census Bureau Census Tracts County of Clackamas, Oregon (41-005): 201.00, 202.00, 203.02, 203.03, 203.04, 204.01, 204.02, and 205.03; 2000 U.S. Census Bureau Census Tracts County of Multnomah, Oregon (41-051): 62.00, 63.00, 64.01, 64.02, 65.01, 65.02, 66.01, 66.02, 67.01, and 67.02; 2000 U.S. Census Bureau Census Tracts County of Washington, Oregon (41-067): 304.01, 304.02, 305.01, 305.02, 306.00, 307.00, 308.01, 308.03, 308.04, 309.00, 319.03, 319.04, 319.05, 319.06, 320.01, and 320.02; (b) the geographic area

encompassed by the territory of any other MHI franchise owner as of June 27, 2011, the date of termination of the Franchise Agreement; and (c) a geographic area that is contained in a circle having a radius of 25 miles from the outside boundary of the Territory. In the event the O'Neills are approached prior to the expiration of the prohibition period to provide residential or business maintenance or repair services for a customer located in the prohibited geographic area, they shall inform the customer that until the expiration of the prohibition they are prohibited by a court order from providing such services.

       3.      IT IS FURTHER ORDERED that in the event of any violation of Paragraph 1 above or Paragraphs 3 and/or 4 below, the O'Neills shall be jointly and severally liable to MHI for (i) liquidated contempt damages in the amount of Five-Thousand Dollars ($5,000) per month for any month in which they provide residential or business maintenance or repair services to any customer, (ii) any additional damages proved by MHI to have resulted from violations of this Final Consent Judgment And Injunction; and (iii) MHI's costs reasonably incurred in enforcing this Final Judgment and Injunction, including litigation expenses and attorney fees. The amount of liquidated contempt damages is reasonable under the circumstances (a) in light of MHI's agreement to forego its monetary claims, (b) in order to deter future violations of this Final Judgment and Injunction, (c) to appropriately compensate MHI for resulting monetary harm and/or for the O'Neills' unjust enrichment in light of their past sales; and (d) the potential for irreparable harm to MHI's name, reputation, business, goodwill, competitive advantage, and franchisee relations which is likely to result from any such future violations. Any damage to MHI from the breach or violation of Paragraph 1 above or Paragraphs 3 and/or 4 below by one or more of the O'Neills shall constitute a willful and malicious injury to MHI as contemplated by 11 USC § 523(a)(6).

4.      IT IS FURTHER ORDERED that consistent with Section 13.B.4. of the Franchise Agreement, the O'Neills, along with their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Consent Judgment and Injunction by personal service or otherwise, shall not engage in any contacts with, or perform any services for, customers or former customers of their former Mr. Handyman franchised business.

5.      IT IS FURTHER ORDERED that the O'Neills, along with their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Consent Judgment and Injunction by personal service or otherwise, (a) are enjoined from using and shall not use the name and trademark Mr. Handyman and related logo(s) in commerce, within the contemplation of the Lanham Act, 11 U.S.C. §§1114(1) and 1125(a); and (b) are enjoined from using and shall not use the name and trademark Mr. Handyman and related logo(s) in any way in the operation, advertising, or conduct of any business in which they may be involved, including but not limited to using said name and trademark in or on any advertisements, signage, vehicles, telephone listings, or telephone greetings.

6.      IT IS FURTHER ORDERED that, to the extent they have not already done so, the O'Neills shall immediately take all necessary steps to relinquish and transfer the (503) 802-0002 and (503) 830-9546 telephone numbers, and any other number(s) used or advertised as a Mr. Handyman franchise or a competing business by the O'Neills, to MHI. This includes the O'Neills' completing, signing, and delivering any and all agreements or directives required by the applicable telephone company(ies) to effect the transfer of said telephone numbers to MHI.

7. IT IS FURTHER ORDERED that MHI is appointed as the O'Neills' attorney-in-fact for purposes of transferring the (503) 802-0002 and (503) 830-9546 telephone numbers and any other number(s) to MHI, as contemplated by the Franchise Agreement, and that MHI has full authority to implement the transfer and/or reconnection of said phone number as needed, as contemplated by the preceding paragraph of this Final Consent Judgment and Injunction, either following receipt from the O'Neills of the appropriately-completed paperwork, or in the event the O'Neills do not effect the transfer of the (503) 802-0002 and (503) 830-9546 telephone numbers and any other number(s) used or advertised as a Mr. Handyman franchise by the O'Neills to MHI.

8. IT IS FURTHER ORDERED that this action, is DISMISSED WITH PREJUDICE and without costs to any party; provided, however, that said dismissal is without prejudice to any claims based on any alleged violation(s) or failures to comply with this Final Consent Judgment and Injunction. This Court retains jurisdiction over this action, and personal jurisdiction over the Defendants for these purposes. This Order resolves the last pending claim and closes this case.

s/George Caram Steeh\
U.S. District Judge

Dated: April 3, 2012

UFER & SPANIOLA, P.C.  /s/ *Jim O'Neill ( w/consent)*\
Jim O'Neill

*/s/ Gary W. Faria*\
Gary W. Faria (P37481)\
Counsel for Plaintiff   /s/ *Tracey O'Neill (w/consent)*\
5440 Corporate Drive, Suite 250  Tracey O'Neill\
Troy, MI 48098\
(248) 641-7000\
gwf@uferspan.com

NMCBS, LLC

*/s/ Jim O'Neill (w/consent)*

By: Jim O'Neill_____
Its: Authorized Representative


189702